## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

**Civil Action No. 08-390-HRW**

**IVAN ALLEN ROBINSON,**                                                    **PLAINTIFF,**

**v.**                         **MEMORANDUM OPINION AND ORDER**


**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**                    **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed. The Court further finds no cause for remand of this matter.

### II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Prior to fining his present application, Plaintiff was awarded disability insurance benefits by hearing decision dated August 17, 1995. However, his benefits ceased following a determination that Plaintiff would not be disabled in

the absence of substance abuse.[1]  Plaintiff did not appeal the cessation decision but, rather, filed a second application in 1997, which was denied by hearing decision dated July 28, 1998 and not pursued further.

Plaintiff filed his third application for a period of disability and disability insurance  benefits on August 10, 2006.  This application  was denied initially and on reconsideration.  On October 20, 2006, an administrative hearing was conducted by Administrative Law Judge Frank Letchworth (hereinafter "ALJ") wherein Plaintiff, accompanied by counsel, testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or

---

[1]      On March 29, 1996, Congress enacted legislation which bars a finding of disability if substance abuse, either drugs or alcohol, is a "contributing factor material to" the determination of disability.  Pub. L. No. 104-121, § 105(b)(amending Title XVI of the Social Security Act).  Pursuant to this law, the Social Security Administration reviewed Plaintiff's case.

impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 5, 2008, the ALJ issued his decision finding that Plaintiff was not disabled.

At the outset, the ALJ determined that Plaintiff met the insured status requirements through December 31, 2001.  Thus,  the period to be adjudicated is July 29, 1998 through December 31, 2001.  At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 1997, the alleged onset date of disability (Tr.102).

The ALJ then determined, at Step 2, that Plaintiff suffered from coal worker's pneumoconiosis, alcohol abuse and borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations (Tr. 102-104).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 104).

3

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 106) but determined that he  has the  residual functional capacity ("RFC") to perform medium work (Tr. 104-106).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a variety of jobs.  The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 107).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on October 7, 2008.

Plaintiff  filed this civil action seeking a reversal of the Commissioner's decision.   Plaintiff has filed a Motion for Summary Judgment pursuant to Sentence Four of 42 U.S.C. § 405(g) or, in the alternative, pursuant to Sentence Six of 42 U.S.C. § 405(g) [Docket No. 8] as well as a separate Motion for Remand [Docket No. 4]  Defendant has also filed a dispositive motion [Docket No. 11].

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff claims that the ALJ miscalculated the date Plaintiff was last insured for benefits.   In the subject decision, the ALJ, relying upon records submitted by Plaintiff, determined that Plaintiff's insured status expired on December 31, 2001.  Plaintiff now contends that his date last insured is December 31, 2002, thus leaving an unadjudicated period.  In support of his Motion for Remand, Plaintiff submits documents which reflect his earnings as of August 14, 2006 and a correct earnings

5

record dated July 13, 2009.   These documents include information contained in

his 1987 tax returns.   Such information was not before the ALJ.

Sentence six of 42 U.S.C. §405(g) provides:

> The court . . . may at any time order additional evidence
> be taken before the Commissioner of Social Security, but
> only upon a showing that there is new evidence which is
> material and that there is good cause for the failure to
> incorporate such evidence into the record in a prior
> proceeding.

42 U.S.C. §405(g).

However, the limited circumstances under which remands are permitted

arise when the party seeking remand shows that: (1) there is new, non-cumulative

evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that

there is a reasonable possibility that it would change the administrative result; and,

(3) there is good cause for failure to submit the evidence at the administrative

level.  *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th.

Cir. 1984).

As Defendant points out, Plaintiff's tax records from 1987 were existence

for almost twenty years prior to the date of the administrative hearing.  Thus, these

records cannot be described as "new."

Nor are they material within the purview of Sentence Six.  Although the ALJ

rendered his decision based upon a date last insured of December 31, 2001,

Plaintiff has produced no evidence that he became disabled after or prior to that date or that his condition changed in a material way between December 31, 2001 and December 32, 2002.  Indeed, the record is devoid of any evidence of treatment for physical, psychological or substance abuse between 2000 and 2004.   Although Plaintiff makes much of the ALJ's note that Plaintiff did not stop drinking until 2002, Plaintiff has not demonstrated the significance of this testimony.  There is simply nothing in the record which documents the presence of any functional limitation between December 31, 2001 and December 31, 2002.  Thus, Plaintiff has failed to carry his burden of showing a reasonable probability that the proffered evidence would result in a different outcome.

Plaintiff has also failed to show good cause for not presenting the evidence during the administrative proceedings.   In this regard, Plaintiff states that "it is unclear whether or not the documents were sent to the state agency for processing." [Docket No. 4, pg. 3].   This is not enough, particularly in light of Plaintiff's counsel statement, at the close of the hearing, that she believed everything was in the record (Tr. 125, 248-249).

Sentence Six is not the means by which to have a second bite at the proverbial apple.  Yet that is what Plaintiff appears to suggest.  Based upon the record before the Court, the Court finds that remand is not warranted for the

7

submission of Plaintiff's 1987 tax records.

Plaintiff also argues that a Sentence Six remand is warranted based upon the decision issued on August 17, 1995.   In that partially favorable decision, ALJ Robert L. Erwin determined that  Plaintiff was restricted to a limited range of light work [Docket No. 8-3].   Plaintiff argues that this determination is entitled to preclusive effect pursuant to *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997).  Therefore, Plaintiff contends that in the instant decision, the ALJ erred in finding him capable of medium work and, thus, not disabled.

Before addressing the applicability of *Drummond*, the Court questions whether the 1995 decision can be considered "new evidence" within the context of Sentence Six and whether Plaintiff has demonstrated the requisite good cause for his failure to offer the same until after the close of the administrative proceedings. Nowhere in his submissions does Plaintiff explain why the whereabouts of a copy of the 1995 decision were unknown until April 2009.   According to Plaintiff, at that time, his counsel obtained a copy from a former, non-attorney representative of Plaintiff.  Was Plaintiff's counsel somehow prevented from contacting the representative until April 2009?  Was the representative unavailable?  The Court is left to ponder these questions as no explanation exists in the record.   The record does however reflect that the decision was sent to Plaintiff at his Coalgood,

Kentucky address [Docket No. 8-3, pg. 1].  Thus, the Court does not find that the evidence is "new" or that good cause existed for Plaintiff's failure to incorporate it into the proceedings below.

Nor does the Court find that the evidence is material.  Although *Drummond* instructs that a subsequent ALJ is bound by the findings of a prior ALJ, the prior decision has a preclusive effect only "absent changed circumstances."  *Id.* at 842. In this case, in the ten year period between the 1995 decision and the current application, there are decisions in which Plaintff was found not to be disabled  and which Plaintiff did not appeal.   Further, there is an absence of evidence of treatment for Plaintiff's allegedly disabling lung impairment.   The only reference to anything is this regard is Plaintiff's testimony that in 1995 he used an inhaler which was supplied by friend (Tr. 261).

Given the decade-long gap between claims and that complete lack of evidence of any impairment or treatment for the same during that time, it would be illogical for the undersigned to treat the current application as a mere continuation of the 1995 claim.  In other words, the Court finds *Drummond* to be inapposite and that res judicata does not apply.

Finally, Plaintiff contends that the ALJ's RFC is erroneous because he failed to include Plaintiff's mental restrictions in the RFC and did not utilize vocational

testimony.

The record establishes that Plaintiff has borderline intellectual functioning and that is "severe" within the meaning of the Regulations (Tr. 102-104) Plaintiff argues that this restriction should have been reflected in the RFC.   Yet, the ALJ did not find that this impairment impacted Plaintiff's ability to perform work-related activities.  Indeed, the record reflects that Plaintiff worked for may years as a mining machine operator despite the impairment (Tr. 106).  Moreover, consultative examiner Dr. Jack Eardley opined that notwithstanding this impairment, Plaintiff retains the ability to reason and make occupational, personal and social adjustments (Tr. 240-245).

As for the ALJ's decision not to seek vocational expertise, the Court finds no error in this regard.   In evaluating the RFC of a claimant, an ALJ may but is not required to use the services of a vocational expert.  *See generally, Key v. Callahan*, 190 F.3d 270 (6th Cir. 1997).   In this case, the properly relied upon the pertinent Grid Rules in determining the impact of the minor non-exertional limitations as well as environmental factors.

Based upon the record, the Court finds that the RFC, as formulated by the ALJ, is supported by substantial evidence.

### III.  CONCLUSION

10

Based upon the foregoing, the Court finds no cause for remand of this matter.  The Court further finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that Plaintiff's Motion for Remand [Docket No 4] be **OVERRULED**.

 **IT IS FURTHER ORDERED that** Plaintiff's Motion for Summary Judgment [Docket No. 8] be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED** [Docket No. 11].  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This July 27, 2009.

Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**